UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID YORK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-33 |
| | § | |
| UNKNOWN NAMED AGENTS OF THE | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CASE**

Plaintiff David York is a private citizen currently residing in Corpus Christi, Texas. Proceeding *pro se* and *in forma pauperis*, on January 31, 2014, Plaintiff filed his original complaint alleging that certain federal and state actors had violated, and were continuing to violate, his federal constitutional rights by continuously investigating and monitoring his activities and location. (D.E. 1). Plaintiff claims that Defendants have engaged in an unlawful "seizure by investigation" in violation of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),[1] the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674, *et seq.*, and 42 U.S.C. § 1983. *Id.,* p. 4. He seeks declaratory and injunctive relief, as well as monetary damages. *Id.*

---

[1] A *Bivens* action is the federal counterpart of § 1983 and "extends the protections afforded by § 1983 to parties injured by federal actors not liable under § 1983."

For the reasons stated herein, it is respectfully recommended that Plaintiff's claims be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and/or as frivolous.

**I.      Jurisdiction.**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

**II.     Procedural background and Plaintiff's allegations.**

On January 9, 2014, Plaintiff filed an application for leave to proceed *in forma pauperis* (i.f.p.) (*See* D.E. 2; *see also* Case No. 2:14-mc-003).

On January 16, 2014, Plaintiff filed a request for expedited consideration of his i.f.p. application and complaint, pointing out that he was also seeking a temporary restraining order and emergency hearing because the Government had "portably seized" Plaintiff on the "street level," and that Defendants are engaged in a conspiracy to block Plaintiff's access to the courts. (*See* Case No. 2:14-mc-003, D.E. 2, p. 2).

On January 24, 2014, Plaintiff filed an emergency notice in which he acknowledged that his i.f.p. application was scheduled to be heard on January 31, 2014, but related that, because the very purpose of his lawsuit was to enjoin Defendants from a multi-year surveillance operation, it was imperative that the Court "take Plaintiff's word" concerning his allegations or in the alternative, subpoena two priests, the names of which Plaintiff provided. (*See* Case No. 2:14-mc-003, D.E. 4, pp. 1-2).

On January 31, 2014, a hearing was held on Plaintiff's i.f.p. application. Plaintiff appeared in person and testified regarding his inability to pay the filing fee. Plaintiff reiterated many of the allegations in his i.f.p. pleadings that Defendants are engaging in a comprehensive campaign to monitor Plaintiff at all times, rendering him homeless and unable to maintain regular employment. Finding Plaintiff's allegations of poverty to be true, his motion to proceed i.f.p. was granted (D.E. 3). Plaintiff then filed his original complaint, motion for appointment of counsel with memorandum in support, motion for a temporary restraining order (TRO), motion for appointment of U.S. Marshal to serve process, and motion for hearing. (See D.E. 1, pp. 4 – 8).

In his original complaint, Plaintiff identifies the following entities and individuals as Defendants: (1) the United States Government; (2) Unknown Named Agents of the Federal Bureau of Investigation (FBI); (3) Eric Holder, U.S. Attorney General; (4) James Comely, FBI Director; (5) Robert Mueller, former FBI Director; (6) U.S. Department of Justice (DOJ); (7) the City of Corpus Christi, Texas; (8) Chief Floyd Simmons, Corpus Christi Police Department; (9) Nueces County; (10) Sheriff Jim Kaelin, Nueces County; and (11) unknown named participants "who have cooperated in [a] federally sponsored conspiracy to deprive Plaintiff of his constitutional rights and liberties." (D.E. 1, pp. 5-8).

Plaintiff grew up in Alaska. (D.E. 1, p. 9). He attended college in Washington, D.C., and law school in Indiana. *Id.* He was admitted to the Alaska bar in 2005, but resigned in 2013 because of the FBI's actions.

Between 2000 and 2004, Plaintiff "academically visited" approximately forty foreign countries. (D.E. 1, p. 9). The Government accused Plaintiff of committing espionage during these travels. *Id.* In 2009, the Government accused Plaintiff of leaking "a major national security secret on a website;" however,[2] the Government did not prosecute Plaintiff because the leak was "not in and of itself prosecutable." *Id.* However, because of these alleged activities, Plaintiff is now a "political target," and the Government has since engaged in a "fishing expedition" that involves monitoring Plaintiff's location and activities on an international scale. *Id.*

Plaintiff is under 24-hour surveillance by "hostile" federal and state agents. (D.E. 1, pp. 1-2). The Government's investigation includes the use of FBI agents masquerading as lawyers, psychological operations including "brainwashing" and "mindbending," other forms of "no-touch" torture, and the manipulation of entire populations in California, Mexico and Texas to cooperate with the Government in its efforts to monitor and investigate Plaintiff, leading to what Plaintiff has identified as an unlawful "seizure by investigation." (D.E. 1, pp. 9-15). Through this lawsuit, Plaintiff seeks to enjoin Defendants from "tailing" him and to cease the monitoring of his activities, a declaration that "seizure by investigation" is unlawful and unconstitutional, compensatory and punitive damages, and the return of some $2,000 that was seized by federal authorities unlawfully. *Id.,* pp. 17-18.

---

[2] Plaintiff compares his situation to that of Wikileaks Founder Julian Assange. (D.E. 1, ¶ 2, ¶29).

### III. Standard of review.

As previously noted, Plaintiff is proceeding i.f.p., and as such, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). In relevant part, that statute provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams,* 490 U.S. 318, 325 (1989); *Henson-El v. Williams,* 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is grounded upon a discredited or untenable legal theory. *Neitzke,* 490 U.S. at 325. A claim may be deemed to lack an arguable basis in fact if it is based upon factual allegations that are clearly fanciful or delusional in nature. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). *See also Harris v. Hegman,* 198 F.3d 153, 156 (5th Cir. 1999) (a claim is factually frivolous when the facts are premised on "fantastic or delusional scenarios") (citation omitted).

### IV. Discussion.

Plaintiff's allegations in this case clearly fall into the "fanciful," "fantastic," and "delusional" categories. He complains of unknown FBI agents that have trailed him from California, to Mexico, to Texas, and have purchased everything from warehouses to city blocks to establish areas in which they can watch Plaintiff, and have simultaneously, paid off or otherwise involved local residents to participate in the charade, and all in response

to Plaintiff's leaking of a secret which Plaintiff himself admits, violated no law to leak or otherwise communicate. Although these matters are real to Plaintiff, the allegations are so fanciful that a reasonable person would find them irrational and completely lacking any factual basis. *See e.g. Flores v. United States Attorney General,* 434 Fed. Appx. 387, 388 (5th Cir. 2011) (affirming dismissal as frivolous where plaintiff alleged members of the federal government were "using advanced technology with direct signal to the satellite in outer space that has the capability of calculating a genetic code to inflict upon the [plaintiff] …"; *Kolocotronis v. Club of Rome,* 109 F.3d 767 (table), 1997 WL 115260, at *1 (5th Cir. 1997) (affirming dismissal of complaint describing government plot to spread the AIDS virus throughout the world); *Patterson v. U.S. Government,* 2008 WL 5061800 (N.D. Tex. Nov. 25, 2008) (dismissing complaint where plaintiff alleged she received messages through the television and was tracked by remote control); *Daniel v. FBI,* 2003 WL 21555130 (N.D. Tex. Jun. 17, 2003) (dismissing complaint that FBI stalked, harassed and tried to poison plaintiff).

### V.     Recommendation.

It is respectfully recommended that the Court dismiss Plaintiff's complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and that all pending motions be denied.

Respectfully submitted this 10th day of February, 2014.

_Jason Libby_
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).